IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY YOUNG<br>921 9TH Street<br>Coronado, CA 92118<br>　　　　Plaintiff<br><br>v.<br><br>LINCOLN NATIONAL LIFE<br>INSURANCE CO<br>2005 Market Street #4,<br>Philadelphia, PA 19103<br>　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:　NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, Rodney Young, by and through his Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, The Lincoln National Life Insurance Company, (hereinafter referred to as "Lincoln"), as follows:

**I.   STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II. VENUE:

2. Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). The Defendant can be found in this judicial district; further, the denial letter was sent to the Plaintiff at an address in this judicial district.

## III. FACTS:

3. The Plaintiff, Rodney Young, is an adult and competent individual with a physical address of 921 9th Street, Coronado, CA 92118.

4. The Defendant, Lincoln, under information and belief, is a business entity with a principal place of business located at 2005 Market St. #4, Philadelphia, PA 19103 with a corporate headquarter address of 1300 South Clinton Street, Fort Wayne, IN 46802.

5. Lincoln is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Lincoln, issued a policy providing disability insurance benefits to the Plaintiff through the Plaintiff's employer, Sharp Healthcare.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Lincoln to the Plaintiff's employer.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with Lincoln.

12. By correspondence, Lincoln notified the Plaintiff that his claim was terminated and that he was not entitled to benefits as Lincoln alleged the Plaintiff could perform his regular occupation.

13. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions from his treating physicians in support of his claim. The Plaintiff submitted sufficient proof to support his claim.

14. By correspondence dated May 27, 2022, Lincoln denied the Plaintiff's administrative appeal and determined that he was capable of performing the material and substantial duties of his regular occupation. Lincoln advised the Plaintiff of his

right to bring a civil action in support of his claim.

15. Lincoln acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

16. The actions of Lincoln in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

17. The actions of Lincoln in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

18. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that he meets the definition of disability under the policy of insurance.

19. The Plaintiff is entitled to recover the benefits due to him under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

20. As a direct and proximate result of the actions of Lincoln as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

21. As a direct and proximate result of the actions of Lincoln, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from March 15, 2021 to the present and continuing into the

future.

WHEREFORE, the Plaintiff, Rodney Young, respectfully requests that judgment be entered against Lincoln as follows:

1. Ordering Lincoln to pay to the Plaintiff, Rodney Young , long term disability insurance benefits from March 15, 2021 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Rodney Young, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@disabilityjustice.com